UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUALITY LEASING CO., INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:20-cv-954 |
| ) | |
| v. ) | |
| ) | |
| ATOMIC DOG, LLC d/b/a ) | |
| JACK'S HARD CIDER, EXCEL ) | |
| SERVICES CORPORATION and ) | |
| DONALD RAY HOFFMAN ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, QUALITY LEASING CO., INC., ("Plaintiff" or "Quality"), by and through its attorneys, Dressler | Peters, LLC, for its Complaint against Defendants ATOMIC DOG, LLC d/b/a JACK'S HARD CIDER ("Atomic Dog"), EXCEL SERVICES CORPORATION ("Excel") and DONALD RAY HOFFMAN ("Hoffman") (collectively the "Defendants") states as follows:

### THE PARTIES

1. Plaintiff is an Indiana corporation with its principal place of business at 9830 Bauer Drive, Indianapolis, Indiana 46280.

2. Defendant Atomic Dog is a Delaware limited liability company with its principal place of business at 11921 Rockville Pike, Suite 100, Rockville, Maryland 20852. Atomic Dog is a single member limited liability company whose sole member is Defendant Donald Hoffman, who is resides in and is domiciled in the State of Maryland.

3. Defendant Excel is a Delaware Corporation with its principal place of business at 11921 Rockville Pike, Suite 100, Rockville, Maryland 20852.

1

4. Defendant Hoffman is an individual who is a Maryland resident who resides in and is domiciled at 13301 Manor Stone Dr., Germantown, Maryland 20874.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and each of the Defendants are citizens of different states. Plaintiff is a corporation incorporated under the laws of the State of Indiana and also has its principal place of business located in Indiana. Defendant Atomic Dog is a citizen of the state of Maryland by virtue of being organized as a limited liability company with a sole member who is Defendant, Donald Hoffman and who is a resident of and domiciled in the State of Maryland. Defendant Excel is a citizen of the state of Delaware by virtue of being organized as a corporation in the State of Delaware and is a citizen of the State of Maryland by virtue of having its principal place of business in the State of Maryland. Hoffman's domicile is located in the State of Maryland and Hoffman is a citizen of the State of Maryland. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this claim occurred in this judicial district and the parties agreed that litigation over the subject matter of this Complaint be litigated in the state or federal courts of Marion County, Indiana.

## FACTS COMMON TO ALL COUNTS
### Master Equipment Finance Agreement

7. On or about February 14, 2019, Atomic Dog entered into a Master Equipment Finance Agreement (the "Master EFA") with Quality which provided for equipment to be financed under subsequent and related Supplements to Master EFA ("Supplement" or "Supplements"). True

and correct copies of the Master EFA and related ancillary documents are attached hereto as **Exhibit A**.

### EFA Supplement #30114

8. On or about February 14, 2019 Atomic Dog entered into Supplement No. 30114 and related ancillary documents (together, "Supplement No. 30114") for the finance of certain distillery equipment with Quality. True and correct copies of Supplement No. 30114 and related ancillary documents are attached hereto as **Exhibit B**.

9. The equipment financed under Supplement No. 30114 is as follows: (1) PALMER CRAFTBLOC 24/400 ROTARY COUNTER PRESSURE CANNING LINE & 150 BBL BEER TANK SN (the "Supplement No. 30114 Equipment"). A true and correct copy of the Certificate of Delivery and Acceptance and Schedule A for the Supplement No. 30114 Equipment is attached hereto as **Exhibit C**.

10. Excel and Hoffman guaranteed the faithful and full performance by Atomic Dog of all terms and conditions of the Supplement No. 30114. *See* Exhibit A.

11. Plaintiff has a perfected first priority security interest in the Supplement No. 30114 Equipment as identified on its UCC Financing Statement filed with the Delaware Secretary of State. A true and correct copy of the UCC Financing Statement is attached hereto as **Exhibit D**.

12. Under Supplement No. 30114, Defendants were to pay a one-time payment, each in the amount of $42,285.00 to Plaintiff, then seventy-two (72) consecutive monthly payments to Plaintiff, each in the amount of $15,396.97. *See*, Exhibit B.

### EFA Supplement No. 30120

13. On or about April 1, 2019 Atomic Dog entered into Supplement No. 30120 along with related ancillary documents (together, "Supplement No. 30120") for the finance of certain

distillery equipment with Quality. True and correct copies of Supplement No. 30120 and related ancillary documents are attached hereto as **Exhibit E**.

14. The equipment financed under Supplement No. 30120 is as follows: (1) 2019 CRIVELLER FERMENTATION TANK ("Supplement No. 30120 Equipment") A true and correct copy of the Certificate of Delivery and Acceptance and Schedule A for the Supplement No. 30120 Equipment is attached hereto as **Exhibit F.**

15. Hoffman guaranteed the faithful and full performance by Atomic Dog of all terms and conditions of Supplement No. 30120. *See* Exhibit A.

16. Plaintiff has a perfected first priority security interest in the Supplement No. 30120 Equipment as identified on its UCC Financing Statement filed with the Delaware Secretary of State. A true and correct copy of the UCC Financing Statement is attached hereto as **Exhibit G**.

17. Under Supplement No. 30120, Defendants promised to make a down payment, each in the amount of $3,327.72 then seventy-two (72) consecutive monthly payments to Plaintiff, each in the amount of $1,301.55. *See*, Exhibit E.

## EFA Supplement No. 30151

18. On or about June 5, 2019 Atomic Dog entered into Supplement No. 30151 and related ancillary documents (together, "Supplement No. 30151") for the finance of certain distillery equipment with Quality. True and correct copies of Supplement No. 30151 and related ancillary documents are attached hereto as **Exhibit H**.

19. The equipment financed under Supplement No. 30151 is as follows: (1) 2019 KREUZMAYR K2B 1500 (the "Supplement No. 30151 Equipment") (Supplement No. 30114 Equipment, Supplement No. 30120 Equipment and Supplement No. 30151 Equipment together hereinafter the "Equipment"). A true and correct copy of the Certificate of Delivery and

Acceptance and Schedule A for the Supplement No. 30151 Equipment is attached hereto as **Exhibit I**.

20. Hoffman and Excel guaranteed the faithful and full performance by Atomic Dog of all terms and conditions of Supplement No. 30151. *See* Exhibit A.

21. Plaintiff has a perfected first priority security interest in the Supplement No. 30151 Equipment as identified on its UCC Financing Statement filed with the Delaware Secretary of State. A true and correct copy of the UCC Financing Statement is attached hereto as **Exhibit J.**

22. Under Supplement No. 30151, Defendants promised to make seventy-two (72) consecutive monthly payments to Plaintiff, each in the amount of $6,272.63. *See*, Exhibit H.

## COUNT I
## BREACH OF CONTRACT AGAINST ATOMIC DOG
## SUPPLEMENT NO. 30114

23. Plaintiff restates and realleges Paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff has duly and fully performed its obligations under Supplement No. 30114.

25. Defendant Atomic Dog has failed to pay the required monthly payments due Plaintiff under Supplement No. 30114.

26. Plaintiff has demanded Atomic Dog pay the required monthly payments due under Supplement No. 30114.

27. Atomic Dog's failure to pay the required monthly payments under Supplement No. 30114 is an "event of default" under the Master EFA.

28. The amounts due and owing Plaintiff under Supplement No. 30114 as of March 12, 2020 ("Supplement No. 30114 Balance Due"), exclusive of attorneys' fees and costs, are calculated as follows:

PAST DUE AMOUNT Supplement No. 30114

| | |
|---|---|
| Payments due but unpaid as of 3/12/20: | $30,793.94 |
| Amount of all future payments due, discounted by 0.63%: | $1,013,935.34 |
| All other Amounts | $140.00 |
| Fees and Costs | $769.85 |
| Total due as of 3/12/20: | $1,045,639.13 |

29. Additional interest at the default rate will accrue after March 12, 2020 on the Supplement No. 30114 Balance Due.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Atomic Dog in the amount of $1,045,639.13 as of March 12, 2020 under Supplement No. 30114, plus post default interest at a rate of 12% an annum until the date of judgment, plus costs of repossession, repair, storage and remarketing of the Equipment and the costs of enforcement of Supplement No. 30114, plus Plaintiff's reasonable attorneys' fees and costs and any further relief as this Court deems just.

## COUNT II
## BREACH OF CONTRACT AGAINST ATOMIC DOG
## SUPPLEMENT NO. 30120

30. Plaintiff restates and realleges Paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff has duly and fully performed its obligations under Supplement No. 30120.

32. Atomic Dog's failure to pay the required monthly payments under Supplement No. 30114 is an "event of default" under Supplement No. 30120 of the Master EFA pursuant to Section 17 (b)(i) and (ii) of the Master EFA.

33. The amounts due and owing Plaintiff under Supplement No. 30120 as of March 12, 2020 ("Supplement No. 30120 Balance Due"), exclusive of attorneys' fees and costs, are calculated as follows:

PAST DUE AMOUNT Supplement No. 30120

Amounts due but unpaid as of 3/12/20:   $0

Amount of all future payments due,
discounted by .63%                       $89,478.60

All other Amounts                        $0

Fees and Costs                           $0

Total due as of 3/12/20:                 $89,478.60

34. Additional interest at the default rate will accrue after March 12, 2020 on the Supplement No. 30120 Balance Due.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Atomic Dog in the amount of $89,478.60 as of March 12, 2020 under Supplement No. 30120, plus post default interest at a rate of 12% an annum until the date of judgment, costs of repossession, repair, storage and remarketing of the Equipment and the costs of enforcement of Supplement No. 30120, plus Plaintiff's reasonable attorneys' fees and costs and any further relief as this Court deems just.

## COUNT III
### BREACH OF CONTRACT AGAINST ATOMIC DOG
### SUPPLEMENT NO. 30151

35. Plaintiff restates and realleges Paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff has duly and fully performed its obligations under Supplement No. 30151.

37. Defendant Atomic Dog has failed to pay the required monthy payments due Plaintiff under Supplement No. 30151.

38. Plaintiff has demanded that Defendant Atomic Dog pay the required payments due under Supplement No. 30151.

39. Atomic Dog's failure to pay the required monthly payments under Supplement No. 30114 is an "event of default" under the Master EFA.

40. The amounts due and owing Plaintiff under Supplement No. 30151 as of March 12, 2020 ("Supplement No. 30151 Balance Due"), exclusive of attorneys' fees and costs, are calculated as follows:

PAST DUE AMOUNT Supplement No. 30151

| | |
|---|---|
| Amounts due but unpaid as of 3/12/20: | $12,545.27 |
| Amount of all future payments due, discounted by .63%: | $413,070.96 |
| All other Amounts | $0 |
| Fees and Costs | $313.63 |
| Total due as of 3/12/20: | $425,929.86 |

41. Additional interest at the default rate will accrue after March 12, 2020 on the Supplement No. 30120 Balance Due.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Atomic Dog in the amount of $425,929.86 as of March 12, 2020 under Supplement No. 30151, plus post default interest at a rate of 12% an annum until the date of judgment, costs of repossession, repair, storage and remarketing of the Equipment and the costs of enforcement of Supplement No. 30151, plus Plaintiff's reasonable attorneys' fees and costs.

**COUNT IV**

**BREACH OF CORPORATE GUARANTY OF EXCEL SERVICES CORPORATION**

42. Plaintiff restates and realleges Paragraphs 1 through 41 as though fully set forth herein.

43. Excel personally guaranteed ("Excel Corporate Guaranty") all obligations of Atomic Dog to Quality on or about February 4, 2019. *See*, **Exhibit A**.

44. Plaintiff has fully performed its obligations under the Excel Corporate Guaranty.

45. Plaintiff has demanded that Excel fulfill its obligations under the Excel Corporate Guaranty relating to the Master EFA and Supplement No. 30114, Supplement No. 30120 and Supplement No. 30151.

46. Excel has failed to pay Plaintiff the required monthly rental payments under Supplement No. 30114, Supplement No. 30120 and Supplement No. 30151 and has failed to pay Plaintiff the Supplement No. 30114 Balance Due, the Supplement No. 30120 Balance Due and the Supplement No. 30151 Balance Due.

47. Plaintiff has been injured by Excel's default under the Excel Corporate Guaranty of Supplement No. 30114, Supplement No. 30120 and Supplement No. 30151 in the amount of the Supplement No. 30114 Balance Due, the Supplement No. 30120 Balance Due and the Supplement No. 30151 Balance Due; plus all contractual remedies under the Master EFA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Excel in the amount of $1,045,639.13 under Supplement No. 30114, $89,478.60 under Supplement No. 30120 and $425,929.86 under Supplement No. 30151 as of March 12, 2020, plus post default interest at a rate of 12% an annum until the date of judgment, costs of repossession, repair, storage and remarketing of the Equipment and the costs of enforcement of Supplement No.

30114, Supplement No. 30120 and Supplement No. 30151, plus Plaintiff's reasonable attorneys' fees and costs.

## COUNT V
## BREACH OF PERSONAL GUARANTY OF DONALD RAY HOFFMAN

48. Plaintiff restates and realleges Paragraphs 1 through 47 as though fully set forth herein.

49. Hoffman personally guaranteed ("Hoffman Personal Guaranty") all obligations of Atomic Dog to Quality on or about February 4, 2019. *See*, **Exhibit A**.

50. Plaintiff has fully performed its obligations under the Hoffman Personal Guaranty.

51. Plaintiff has demanded that Hoffman fulfill his obligations under the Hoffman Personal Guaranty relating to Supplement No. 30114, Supplement No. 30120 and Supplement No. 30151.

52. Hoffman has failed to pay Plaintiff the required monthly rental payments under Supplement No. 30114, Supplement No. 30120 and Supplement No. 30151 and has failed to pay Plaintiff the Supplement No. 30114 Balance Due, the Supplement No. 30120 Balance Due and the Supplement No. 30151 Balance Due.

53. Plaintiff has been injured by Hoffman's default under the Hoffman Personal Guaranty of Supplement No. 30114, Supplement No. 30120 and Supplement No. 30151 in the amount of the Supplement No. 30114 Balance Due, the Supplement No. 30120 Balance Due and the Supplement No. 30151 Balance Due; plus all contractual remedies under the Master EFA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Hoffman in the amount of $1,045,639.13 under Supplement No. 30114, $89,478.60 under Supplement No. 30120 and $425,929.86 under Supplement No. 30151 as of March 12, 2020, plus post default interest at a rate of 12% an annum until the date of judgment, costs of

repossession, repair, storage and remarketing of the Equipment and the costs of enforcement of Supplement No. 30114, Supplement No. 30120 and Supplement No. 30151, plus Plaintiff's reasonable attorneys' fees and costs.

## COUNT VI
## TURNOVER ORDER & WRIT OF REPLEVIN

54. Plaintiff repeats and realleges Paragraphs 1 through 53 as though fully set forth herein.

55. Defendants are in default under the Master EFA upon the failure of Defendants to pay Plaintiff the payments promised under Supplement No. 30114, Supplement No. 30120 and Supplement No. 30151 and the breach of the Excel Corporate Guaranty and the Hoffman Personal Guaranty.

56. Pursuant to the Master EFA, Plaintiff is entitled to immediate possession of the Equipment upon an event of default and Defendants must immediately tender such Equipment to Plaintiff.

57. In addition, and in the alternative, Article 9 of the Uniform Commercial Code, as adopted by Indiana, states: "After default, a secured party has the rights provided in this part and, except as otherwise provided in Section 9-602, those provided by agreement of the parties. A secured party: (1) may reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure . . . ." IND. CODE § 26-1-9.1-601; Section 9-609 of the Uniform Commercial Code as adopted by Indiana provides:

    (a)    After default, a secured party:
          (1)    may take possession of the collateral; and
          (2)    without removal, may render equipment unusable and dispose of collateral on a debtor's premises under IC 26-1-9.1-610.
    (b)    A secured party may proceed under subsection (a):
          (1)    pursuant to judicial process; or

    (2) without judicial process, if it proceeds without breach of the peace.

  (c) If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties.

IND. CODE § 26-1-9.1-609.

58. Plaintiff is also entitled to a Writ of Replevin pursuant to IND. CODE 32-35-2-1, *et seq*.

59. The estimated value of the Equipment is $1,500,000, depending upon condition.

60. Plaintiff has made demand upon Defendants for the return of the Equipment; however, Defendants have refused and/or failed to return it.

61. Upon information and belief, the Equipment is being held at 410 Cashtown Road, Biglerville, PA 17307.

62. Defendants wrongfully continues to detain the Equipment.

63. Upon information and belief, the Equipment held by Defendants is in danger of being sold to third parties and/or otherwise disposed of by the person(s) holding the Equipment.

64. Plaintiff is lawfully entitled to the possession of the Equipment, the property is wrongfully detained by Defendants, and the Equipment has not been taken for any tax, assessment or fine levied by virtue of any statute or law of this State, against the property of Plaintiff, or against Plaintiff individually, nor seized under an execution or attachment or any other any lawful process against the property of Plaintiff subject to such lawful process, nor held by virtue of any order for replevin against Plaintiff.

65. The Equipment is not exempt from execution.

66. Plaintiff has a superior right to possession of the Equipment over Defendants.

WHEREFORE, Plaintiff QUALITY LEASING CO., INC. prays that this Court: (1) issue an order against Defendants ATOMIC DOG, LLC d/b/a JACK'S HARD CIDER, EXCEL SERVICES CORPORATION and DONALD RAY HOFFMAN, jointly and severally, directing them to surrender and turn over possession of the Equipment in good condition, less reasonable wear and tear, pursuant to the terms and conditions of the Master EFA and Supplements and/or IND. CODE § 26-1-9.1-601; Section 9- 609 and deliver such property to Plaintiff within five (5) days from the date of such order; and/or (2) issue an order pursuant to IND. CODE 32-35-2-1, *et seq.* requiring Defendants to deliver the Equipment in good condition, less reasonable wear and tear, to the United States Marshall or the Sheriff of Marion County or another appropriate officer, and requiring said Sheriff, if the same is not delivered to him, to take it from the Defendants and deliver it to Plaintiff; and (3) awarding such other relief as this Court deems just.

        Respectfully Submitted,

        QUALITY LEASING CO. INC.,

By:   /s/ Dennis A. Dressler
      One of Its Attorneys

Dennis A. Dressler (ARDC# 6271183)
Dressler Peters, LLC
70 W. Hubbard Street, Suite 200
Chicago, IL 60654
Phone (312) 602-7360
Email: ddressler@dresslerpeters.com