UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUALITY LEASING CO., INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00954-MJD-JMS ) |
| ATOMIC DOG, LLC<br>   d/b/a JACK'S HARD CIDER,<br>EXCEL SERVICES CORPORATION,<br>DONALD RAY HOFFMAN, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Defendants' Motion to Amend Judgment as to Award of Attorney Fees Filed Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Dkt. 90.] For the reasons set forth below, the Motion is **DENIED**.

**I. Background**

On July 10, 2024, this Court entered an order granting Plaintiff's Motion to Reinstate Case, [Dkt. 82], and Plaintiff's Motion for Entry of Confessed Judgment, [Dkt. 83]. [Dkt. 88.] The motions followed Defendants' failure to make payments due under the parties' Settlement Agreement. *Id.* at 1-2. Defendants argued in their response to the motions that the $117,613.73 claimed in attorney fees exceeded the sum of the amount Plaintiff had paid to its counsel and which Plaintiff had incurred since December 6, 2021. [Dkt. 86 ¶¶ 9, 11.] In its order, the Court rejected Defendants' attorneys' fees argument, finding that Plaintiff had provided sufficient evidence supporting its fee claim and "the payment history . . . pointed to by Defendants [was]

not sufficient to contradict the evidence provided by Plaintiff." [Dkt. 88 at 3.] Defendants presently re-raise the issue in the instant motion and further allege that "Plaintiff's attorneys' fees request was not supported by necessary evidence." [Dkt. 90 ¶ 1.] Specifically, Defendants now assert that Plaintiff's counsel's declaration in support of its request for attorneys' fees and the attached itemization of hours worked and rates charged by Plaintiff's attorneys, found at [Dkt. 83-5], were inadequate. *Id.* ¶ 6.

## II. Discussion

"'Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence.'" *Ewing v. 1645 W. Farragut LLC*, 90 F.4th 876, 893 (7th Cir. 2024) (quoting *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008)). "A Rule 59(e) motion . . . certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (citation omitted).

Here, Defendants' motion is based solely on information that was available to them prior to judgment being rendered. In fact, Defendants' factual citations only include filings made prior to this Court's rendering of judgment. *See* [Dkt. 90.] Defendants introduce no new evidence and assert claims that could and should have been raised in response to Plaintiff's pre-judgment motions. It is thus clear at the outset that the Court can only grant Defendants' motion if the Court has made a manifest error of law, which it has not.

Defendants rely on a line of cases requiring a showing that the attorneys' fees sought are "reasonable" as compared to prevailing rates in the community. However, those cases concern the statutory fee-shifting measures afforded by legislation such as the Equal Access to Justice Act

or the Civil Rights Attorney's Fees Awards Act of 1976. In determining whether fees are "reasonable" in those cases, the Seventh Circuit prefers that fee applicants include third party affidavits attesting to the billing rates of comparable attorneys. *See, e.g.*, *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (citing *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 556 (7th Cir. 1999)).

Here, the attorneys' fees sought are not a product of a statutory fee-shifting measure, but rather the result of contractual breach; the parties agreed in their Master Equipment Finance Agreement that Plaintiff may "recover *legal fees* and other costs and expenses incurred by reason of an Event of Default or the exercise of any remedy." [Dkt. 1-2 at 9] (emphasis added). As such, the applicable standard of reasonableness is not that found in *Picket*, but rather that explained in *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008).

In *Cintas Corp.*, the Seventh Circuit affirmed a district court's order awarding attorneys' fees in a breach-of-contract dispute. 517 F.3d. 459.  In reviewing the order, the Court noted that the party awarded attorneys' fees was entitled to that award based on a contractual, not statutory, theory. *Id.* at 470. As such, the limitations on awards of fees contained in federal statutes and rules were inapplicable. *Id.* The Seventh Circuit instead looked to the district court's review of the parties' submissions. *Id.* at 469. The Court concluded that sufficiently detailed invoices submitted by counsel, and the other party's failure to cast doubt on the rates charged, supported the district court's decision to award fees. *Id.* Ultimately, "[i]f counsel submit bills with the level of detail that paying clients find satisfactory, a federal court should not require more." *Id.* (quoting *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001)).

Defendants have attempted to show that Plaintiff's counsel's fees are unreasonable by arguing that "no hourly rate for any particular timekeeper was recited" and that Plaintiff's counsel

"does not identify by name or qualification any of the timekeepers listed." Not only can the hourly rate be determined by dividing the hours listed by the amount billed (as Defendants themselves admit), but the hourly rates of each billing professional are listed clearly in the itemization itself, identifying each professional by his or her initials. *See* [Dkt. 83-5 at 59.] Further, the Court is not aware of any precedent requiring counsel to include their full name in lieu of abbreviations; indeed, as Plaintiff points out in its response, the use of abbreviations for billing is common practice for lawyers and law firms. [Dkt. 91 ¶ 2.]

Additionally, Defendants contend that the evidence submitted by Plaintiff is not enough to conform with Seventh Circuit precedent. As explained above, applicable Seventh Circuit law only requires that this Court review the parties' submissions concerning attorneys' fees and make a determination that is "rationally supported by the record." *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008) (quoting *JT Taubenfeld v. AON Corp.*, 415 F.3d 597, 600 (7th Cir. 2005)). Plaintiff's counsel has supplied the Court with more than fifty pages of appropriately detailed billing records and have supported their fee request with an affidavit. *See* [Dkt. 83-5.]

Defendants, on the other hand, do not provide any evidence challenging the appropriateness or validity of the rates charged and hours billed by Plaintiff's counsel, apart from pointing to one $65,806.35 line item in a document supplied by Plaintiff. [Dkt. 90 ¶ 7.] Defendants suggest this line item demonstrates that Plaintiff did not pay its counsel the amount charged, and therefore the fees billed are unreasonable. *See id.* The Court addressed this argument in its previous Order and Defendants do nothing but generally reassert it in the instant motion. Because Defendants articulate nothing that would support a finding that the Court's original ruling was a manifest error of law, there is no basis to alter that ruling.

### III. Conclusion

For the reasons set forth above, Defendants' Motion to Amend Judgment as to Award of Attorney Fees Filed Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, [Dkt. 90], is **DENIED**.

SO ORDERED.

Dated: 5 SEP 2024

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system